# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MELISSA LOVEDAY**  
individually and on behalf of a class  
of similarly situated persons,

      Plaintiff,

  v.

**FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.,**

      Defendant.

Case No. 18-10218

**CLASS ACTION**

**TRIAL BY JURY DEMANDED**

## COMPLAINT

## INTRODUCTION

1. Plaintiff Melissa Loveday, ("Plaintiff"), individually and on behalf of a class defined herein brings this action against Defendant Financial Asset Management Systems, Inc. ("FAMS"), for violating the Fair Debt Collection Practices Act in attempting to collect a time barred debt, using a form letter, (Exhibit A), without informing the debtor that they cannot be sued on the debt because of the age of the debt. *See Buchanan v. Northland Group,* 776 F.3d 393 (6th Cir. 2015); *see also Pantoja v. Portfolio Recovery Assoc. LLC,* 852 F.3d 679, 681 (7th Cir. 2017) *cert denied* 2018 U.S. LEXIS 715 (U.S. Jan. 16, 2018) (affirming that the defendant's collection letter violated FDCPA § 1692e in that, "(a) it did not tell the consumer that the defendant could not sue on this time-bared debt and (b) it did not tell the

consumer that if she made, or even just agreed to make, a partial payment on the debt, he could restart the clock on the long-expired statute of limitations, in effect bringing a long-dead debt back to life.")

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k(d) (FDCPA).

3. Venue and personal jurisdiction over Defendant in this District is proper because:

 a. Plaintiff resides in the District; and

 b. Defendant's conduct at issue was directed to Plaintiff who was within the District.

## PARTIES

4. Plaintiff is a natural person who resides within the District.

5. Financial Asset Management Systems, Inc. is a Georgia corporation, its registered agent in the State of Michigan is CSC-Lawyers Incorporating Service, 601 Abbot Rd., East Lansing, Michigan 48823.

6. Defendant is not a "creditor" as defined by 15 U.S.C. § 1692a(4).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) in regard to Plaintiff and the putative class as they use any instrumentality of

interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

**FACTS**

8.     In 2000, ITT Educational Services, Inc., aka, ITT Tech (a for profit college), in order to line the pockets of shareholders, began a program to increase profits at the expense of vulnerable individuals with promises of job placement and increased wages.

9.     ITT Tech instituted a program called the College Advantage Loan Program whereby ITT Tech partnered with Bank One and USA Group (later acquired by Sallie Mae now known as Navient) to offer high interest private student loans to prospective students.

10.    ITT Tech cooked up the College Advantage Loan Program scheme to make it appear on paper that ITT Tech was receiving less money from federally backed student loans to circumvent the 90/10 rule see 34 C.F.R. § 668.28.

11.    ITT Tech would coerce or force students to apply for and receive private student loans that ITT Tech controlled and backed by withholding course materials, transcripts and in some cases threatening expulsion. (CFPB v ITT Educational Services, Inc., 1:14-cv-292 Southern District of Indiana).

12. Unbeknownst to Plaintiff she entered into multiple loans of this type, believing she was only applying for regular federal student loans, not these private loans.

13. The ITT Tech scam worked to cover the gap for ITT Tech's grossly inflated tuition between the amount federal student loan aid would pay and the actual cost of tuition (*CFPB v ITT Educational Services, Inc.*, 1:14-cv-292 Southern District of Indiana).

14. On February 26, 2014 the Consumer Financial Protection Bureau brought suit against ITT Educational Service, Inc., due to its deceptive and predatory business practices and increasing student loan defaults.

15. Plaintiff received a letter from Defendant FAMS, dated January 27, 2017, regarding a student loan debt alleged to be owed to Navient (Exhibit A).

16. Upon receiving the original letter, Exhibit A, Plaintiff was confused about her legal rights and sought out legal advice, expending time and money.

17. Plaintiff was confused by this letter as at the time she was in a repayment program with Navient Credit Finance Corp for her federally backed student loans that were taken out to pay for her worthless ITT Tech education.

18. "[T]he passage of time not only dulls the consumer's memory of the circumstances and validity of the debt, but heightens the probability that she will no longer have personal records detailing the status of the debt." *Phillips v. Asset*

*Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) (*quoting Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987).

19. On September 7, 2016, ITT Tech filed for Chapter 7 Bankruptcy in the Southern District of Indiana.

20. No payments were ever made by Plaintiff on the College Advantage Loan Program Application and Promissory Note loans.

21. Plaintiff contacted an attorney regarding the subject collection letter.

### COUNT I - FDCPA

22. Plaintiff incorporates paragraphs 1-21 above.

23. 15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

24. Congress in enacting the FDCPA sought to protect consumers from among other acts, deceptive and unfair acts, and therefore the Act was not merely procedural, but substantive and of great importance.

25. The harm alleged here is precisely the type of misconduct that the Act was intended to protect and therefore an injury-in-fact exists here.

5

26. The debt identified in Exhibit A was beyond the Michigan statute of limitations before the date of the letter, yet the subject letter states, "[w]e would like to establish from the beginning that we will work with you in a matter that will help you meet your debt resolution objectives."

27. This quoted statement above is pure trickery to deceive the unsophisticated consumer that they need to take further action in regard to the debt, when in fact because the statute of limitations has run, the unsophisticated consumer need not do anything. Such is a violation of the FDCPA. *See Pantoja*, 852 F.3d at 685 ("we believe the FDCPA prohibits a debt collector from luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand.")

28. "Paying anything less that the settlement offer exposes a debtor to a substantial risk," *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014)), as "if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise iron clad protection of the statute of limitations." *Pantoja*, 852 F.3d at 683.

29. "[F]ailing to disclose . . . that partial payment would remove the statute of limitations bar" violated the FDCPA. *Pantoja*, 852 F.3d at 683 (*citing Buchanan,* 776 F.3d at 397. Notably, the subject collection letter offers "repayment options" which are believed to be installment payments.

30. Plaintiff has the legal substantive right to having disclosed to her that she could not be sued on the debt due to age of debt.

31. Plaintiff has the legal substantive right to having disclosed to her that a payment on the debt less than the full amount of the settlement offer would restart the statute of limitations.

32. Defendant's conduct related to the subject collection letter, Exhibit A, violated 15 U.S.C §§ 1692e and e(10).

33. In investigating and responding to the subject collection letter Exhibit A, Plaintiff expended personal time as well as the costs associated with seeking legal advice and counsel.

## CLASS ALLEGATIONS

34. A complaint need not define the class rather, "the obligation to define the class falls on the judge's shoulders" who may ask the parties' assistance. *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (*citing* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 23(c)(1); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 20011).

35. Pursuant to Rule 23 class definitions may be modified by the Court or by Plaintiff prior to the entry of a judgment in this matter.

36. Plaintiff brings this action on behalf of all persons with a Michigan address, whom within one year of the filing of this Complaint received a form

letter from FAMS in the form of Exhibit A, attempting to collect a debt in which the last date of payment or date of default was more than six years prior to the sending of the letter, that did not disclosing that the consumer could not be sued on the debt, and/or that did not disclose that a payment on the debt would restart the statute of limitations. Excluded from the class are persons whom Defendant attempted to collect a federally backed student loan.

37. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common question is whether Plaintiff and the class members were sued on a time barred debt.

38. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained legal counsel experienced in handling class actions brought under the FDCPA.

39. A class action is an appropriate method for the fair and efficient adjudication of this controversy.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter judgment for Plaintiff and a class and against Defendant for:

    A.    Statutory and actual damages; and

    B.    Attorney's fees and costs.

## COUNT II - FDCPA

40. Plaintiff incorporates paragraphs 1-21 above.

41. The subject letter, Exhibit A in part states, "OTHER CHARGES $525.00"

42. As a matter of law, it was impermissible for Defendant to seek payment of the amount of $525.

43. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter judgment for Plaintiff individually and against Defendant for:

    A.    Statutory and actual damages; and

    B.    Attorney's fees and costs.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY, Ste. 300
(847) 701-5290 (TEL)
cwarner@warner.legal

John A. Evancek (P66157)
KELLEY & EVANCHECK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540 (TEL)
john@kelawpc.com

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY, Ste. 300
(847) 701-5290 (TEL)
cwarner@warner.legal

John A. Evancek (P66157)
KELLEY & EVANCHECK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540 (TEL)
john@kelawpc.com