# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **MELISSA LOVEDAY** individually and on behalf of a class of similarly situated persons, | Case No. 18-10218-GAD-MKM |
| Plaintiff, | Honorable Gershwin A. Drain |
| v. | Magistrate Judge Mona K. Majzoub |
| **FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.,** | |
| Defendant. | |

## PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF NOTICE PLAN

NOW COMES Plaintiff Melissa Loveday, individually and on behalf of a settlement class, by and through her counsel, and moves this Honorable Court to grant preliminary approval to the class settlement agreement, between Plaintiff and Financial Asset Management Systems, Inc., a copy of the Agreement is attached as Appendix A, and to approve the proposed direct class notice plan, attached as Exhibit 1 to the Agreement.

Plaintiff's counsel has sought concurrence in this motion with Defendant's counsel, and at approximately 7:52 p.m. ET on January 23, 2019, provided him a copy of this Motion and Memorandum. Defendant at 8:51 a.m. ET this morning concurred with this motion.

WHEREFORE the reasons stated below, Plaintiff respectfully requests

this Honorable Court enter an Order Preliminarily Approving the Class Action Settlement which:

(i) Grants preliminary approval of the purposed settlement;

(ii) Approves and orders the direct notice as set forth in the Settlement Agreement;

(iii) Sets dates for claims to be made, opt outs, petition for attorney's fees and objections to be submitted; and

(iv) Schedules a hearing for final approval of the class settlement.

Respectfully submitted,

<u>s/ Curtis C. Warner</u>
Curtis C. Warner

Curtis C. Warner (P59915)
Warner Law Firm, LLC
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF CLASS ACTION SETTLEMENT

## QUESTION PRESENTED

Whether the Court can grant preliminary approval of the Parties' class action settlement?

## CONTROLLING AUTHORITY

Fed. R. Civ. P. 23(a)(1)-(4); Fed. R. Civ. P. 23(e); *UAW v. GMC*, 497 F.3d 615 (6th Cir. 2007).

## ARGUMENT

Before approving a settlement that would bind the class members, a district court must conclude that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). This determination is based on:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

See *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007).

Of these, the most important factor "is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 245 (6th Cir. 2011) (*quoting In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)).

When parties to a class action move for preliminary (as opposed to final) approval, "[t]he hearing on the motion is not a 'fairness hearing'; its purpose is to determine whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Schulte v. Fifth Third Bank,* 2010 WL 8816289 at *2 (N.D. Ill. Sept. 10, 2010). Thus, "at the preliminary approval stage, the extent of the district court's inquiry into the appropriateness of class certification and the reasonableness of the settlement terms depends, as it must, on the circumstances of the individual case. Where the size of the class is small, the cost of notice minimal, and the issues discrete, the court may be able to determine that class certification is proper and the settlement is 'within the range of possible approval' with minimal fuss." *In re NCAA Student-Athlete Concussion Injury Litig.,* 2016 WL 305380 at *6 (N.D. Ill. Jan. 26, 2016); *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982) (at the preliminary approval stage, the Court's analysis should focus on whether the settlement falls "within the range of possible approval," rather than on making a final determination of fairness.)

**I.     Background**

Plaintiff, individually and on behalf of similarly situated persons, filed a lawsuit in the United States District Court for the Eastern District of Michigan, captioned *Loveday v. Financial Asset Management Systems, Inc.*, Case No. 18-10218-GAD-MKM (the "Litigation"). Plaintiff filed her Complaint on January 18, 2018, alleging that, between January 18, 2017, through January 18, 2018, Defendant

4

violated Fair Debt Collection Practices Act seeking to collect a time barred debt from Plaintiff and the putative class members, without informing them that they could not be sued due to the age of the debt and failed to inform them that a partial payment or an agreement to pay would restart the statute of limitations.

On February 28, 2018, Defendant answered Plaintiff's Complaint, denying any wrongdoing and asserted affirmative defenses. On April 17, 2018, the Court entered the Scheduling Order and the parties then commenced with discovery. After Plaintiff completed her discovery, on September 8, 2018, Plaintiff filed for a motion to certify the class.

## II. Settlement Negotiations

After the filing of the motion for class certification, counsel for the Parties engaged in arm's-length negotiations that resulted in the settlement of the claims asserted in the Action. The arms-length compromises and settlement on material terms achieved are contained herein. The parties further negotiated and compromised upon issues related to the form of the notice that would be provided to the class and selection of a Class Administrator. "There is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." 4 Newberg on Class Actions § 11:41; *see also Schulte,* 2010 WL 8816289 at *4 n5. Such a presumption is appropriate here.

"Federal courts look with great favor upon the voluntary resolution of litigation through settlement" applies with "particular force regarding class action lawsuits." *Airline Stewards and Stewardesses Ass'n, Local 550 v. Trans World Airlines, Inc.*, 630 F. 2d 1164, 1167 (7th Cir. 1980). "Courts also encourage parties to settle class actions early, without expending unnecessary resources." *McCue v. MB Fin., Inc.,* 15-cv-988, 2015 U.S. Dist. LEXIS 96653 * 9 (N.D. Ill. July 23, 2015) (*citing Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 U.S. Dist. LEXIS 144327, 2013 WL 5492998, at *5 (S.D.N.Y. Oct. 2, 2013) ("early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere").

### III. The Settlement Class

The parties have agreed that the Settlement Class is defined as:

> All persons with a Michigan address, whom from January 18, 2017, through January 18, 2018, were sent a form letter from Defendant in the form of Exhibit A attached to Plaintiff's Complaint, attempting to collect a debt in which the last date of payment or date of default was more than six years prior to the sending of the letter, that did not disclose that the consumer could not be sued on the debt, and/or that did not disclose that a payment on the debt would restart the statute of limitations. Excluded from this request are persons whom Defendant attempted to collect a federally backed student loan from.

The Settlement Class meets the requirements of Rule 23(a) in a settlement context because: (1) the 115 potential members are too numerous to be joined; (2) class members share a common interest in seeking redress for the collection of a time barred debt without informing the consumer that they could not be sued upon

the debt and that a payment would restart the statute of limitations; (3) Plaintiff's claims for violations of the FDCPA are typical of the Settlement Class Members' interest in pursuing monetary damages for their claims; and (4) the Class Representative is adequate because she has no interests antagonistic to the Class's interests and is represented by experienced counsel. Furthermore, the Settlement Class meets the requirements of Rule 23(b)(3) in a settlement context.

### 1. Joining all members of the Class is impracticable.

Rule 23(a)(1) requires that "the class [be] so numerous that joinder of all members is impracticable." This case meets that requirement, as the Parties have identified 115 potential Class Members.

### 2. There are questions of law and fact common to the Class

Rule 23(a)(2) requires that there be questions of law *or* fact common to the class. This in turn means that class members' claims "must depend upon a common contention." *Wal-Mart Stores Inc. v. Dukes,* 564 U.S. 338, 350 2551 (2011). Here the proposed class meets the commonality requirement as the common issues of law predominate based upon a common nucleus of operative facts: whether attempting to collect a debt that is beyond the statute of limitations without disclosing that due to the age of the debt the debtor cannot be sued, and failing to disclose that partial payment or making a promise to pay will restart the statute of limitations violated the FDCPA. The proposed class definition describes a standardized conduct based on a form collection letter, a finding of a common issue of law that is applicable the proposed

class members.  *See Macy v. GC Services, L.P.*, 897 F.3d 747, 761-762 (6th Cir. 2018).

### 3. Plaintiff's Claims Are Typical of Those of the Proposed Class

Rule 23(a)(3) requires that the "claims . . . of the representative parties [be] typical of the claims . . . of the class."  Commonality and typicality requirements under Rule 23 are interrelated and often merge.  *Dukes*, 131 S. Ct. at 2551. A "'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (*quoting* 1 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 3:13 (4th ed. 2008)).  In this case, typicality is apparent from the class definition demonstrating a standardized conduct of omissions in a form collection letter which attempts to collect a debt that is time barred without informing the consumer that due to the age of the debt they cannot be sued on the debt and that any partial payment will restart the statute of limitations.

### 4. Plaintiff and Class Counsel Will Fairly and Adequately Protect The Interests of the Proposed Class

The adequacy of representation requirement is satisfied because Plaintiff's interests are co-extensive with, and not antagonistic to, the interests of the

Settlement Class and because Plaintiff has an interest in this case via his individual FDCPA claim for money damages against Defendant. *See Dukes,* 131 S.Ct. 2541, 2551 (citations omitted). Rule 23(g) provides guidance on the factors the court is to examine in appointing class counsel. Fed. R. Civ. P. 23(g). In demonstrating that Curtis C. Warner, of Warner Law Firm, LLC, meets the requirements of Rule 23(g), he submitted his declaration in support of his adequacy. (ECF No. 17-5). The Seventh Circuit Court of Appeals has noted that, "Curtis Warner [is] an [Fair Debt Collection Practice Act] FDCPA specialist." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 855 (7th Cir. 2009). Mr. Warner has demonstrated his dedication to Rule 23 requirements in achieving a fair, reasonable, and adequate settlement successfully representing objectors who objected to the low value of the compensation to the class. *See Redman v. Radioshack Corp.*, 768 F.3d 622 (7th Cir. 2014).

Mr. Warner has specifically been found to meet the adequacy requirement under Rule 23(a)(4) in challenged class certification motions. *Cavin v. Home Loan Center, Inc.,* 236 F.R.D 387, 395 (N.D. Ill. 2006) ("The Court finds that Mr. Warner [is]. . . 'experienced, competent, qualified and able to conduct the litigation vigorously'"). *Id*. at 395; *Mussat v. Global Healthcare Resource, LLC,* 2013 U.S. Dist. LEXIS 35107 \* 13 (N.D. Ill. Mar. 13, 2013) (noting that the defendant did not challenge Mr. Warner's adequacy and finding, "class counsel has significant experience bringing class-action claims").

### 5. Rule 23(b)(3)'s Requirements are Satisfied

Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 535 (6th Cir. 2008). Both of these requirements are satisfied in the present case. The common question of whether attempting to collect a debt that was time barred without disclosing that the debtor could not be sued on the debt and that a partial payment or a promise to pay would restart the statute of limitations predominates over any individual issues. Furthermore, a class action is the superior means of resolving these issues, as the alternative would be an excess of additional lawsuits all raising identical allegations.

#### A. Predominance

Rule 23(b)(3) is met when "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3)'s "predominance" inquiry tests "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc*, 521 U.S. at 623. "The predominance requirement is met if this common question is at the heart of the litigation." *Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) (*citing Am. Med. Sys.,* 75 F.3d at 1080)).

The predominance requirement is met when a common factual link between the class members and defendants under which the law requires a remedy exists. *Smith v. Nike Retail Servs. Inc*. 234 F.R.D. 648, 666 (N.D. Ill. 2006); 7A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1778, at 528 (2d ed. 1986) (Predominance is met "when common questions represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for having the dispute on a representative rather than on an individual basis"). In this case, the common issue relates to whether tying to collect time-barred debts without disclosing that due to the age of the debt the debtor cannot be sued upon it, and whether the failure to disclose that a partial payment or the promise to make a payment will restart the statute of limitations violates the FDCPA. These are issues which can be resolved on a class basis.

### B. Superiority

"Consumer claims are among the most commonly certified for class treatment, given the difficulty of bringing such claims individually and the common questions that are often involved." *Cavin*, 236 F.R.D. at 395 – 396 (*citing Murray v. New Cingular Wireless Svc.,* 232 F.R.D. 295, 303 (N.D. Ill. 2005); *In re Mex. Money Transfer Litig.,* 267 F.3d 743, 747 (7th Cir. 2001); *Amchem Products,* 521 U.S. at 625. "[C]lass litigation is the superior method of adjudication." *Daffin v. Ford Motor Co*., 458 F.3d 549, 554 (6th Cir. 2006). Furthermore, "Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual

suits, but injury is substantial in the aggregate." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) (*citing Mace v. Van Ru Credit Corp.*, 109 F.3d 344-45 (7th Cir. 1997)); *Jackson*, 227 F.R.D. at 290 ("A class action is superior [under Rule 23(b)(3)] where potential damages may be too insignificant to provide class members with incentive to pursue a claim individually"). The class action mechanism overcomes the problem of small incentives by making worth the attorney's time to prosecute such small matters on a class basis. *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625 (6th Cir. 2005) (*quoting Amchem Products*, 521 U.S. at 617).

## IV. The Settlement Agreement

After considering the benefits that the Class will receive under this Settlement Agreement, which includes the maximum amount of class damages under the FDCPA of 1% Defendant's net worth, which results in an automatic payment of $47.28 to each class member who does not opt out of the Settlement Agreement. The Parties desire to settle the action based upon the terms and conditions set forth in the Settlement Agreement executed by the Parties, attached hereto as <u>Appendix A</u>.

Counsel for Plaintiff has reviewed and analyzed the legal and factual issues presented in this action, including insurance coverage issues, and have weighed the benefit to the class members against the risks and expense involved in pursuing the litigation to conclusion, the protracted nature of the litigation and the likelihood,

costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, Plaintiff and Defendant entered into the Settlement Agreement.

Pursuant to the Settlement Agreement, the Parties have agreed to the settlement of this action on the material financial terms as follows:

(a) Creation of Class Settlement Fund: Defendant shall pay 1% of its net worth to settle the claims of the class members, which results in an automatic payment of $47.28 to each class member who does not opt out of the Settlement Agreement;

(b) Relief to the Named Plaintiff: Subject to Court approval and separate from the Class Settlement Fund , Defendant shall pay Plaintiff $2,500 as her statutory damages and as an incentive award as serving as the class representative. Plaintiff's representative participated in written discovery and in reaching a settlement of this case.

(c) Attorney's Fees and Costs: Subject to Court approval and separate from the Class Settlement Fund, Defendant will pay Plaintiff's counsel $27,500 (twenty-seven thousand five hundred dollars) as payment of attorney's fees and costs. Plaintiff's counsel will file a petition for attorney's fees on the date calculated in the proposed preliminary approval order.

(d) Costs of Notice and Administration: Separate of and in addition to the Class Settlement Fund Defendant will pay for the costs of notice and

administration. Such a provision requiring the Defendant to pay for notice outside of any settlement fund to the class is proper. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014).

(e) The Settlement Agreement contains a *cy pres* award for the amount of uncashed checks will be awarded to the Michigan State Bar Foundation – Access to Justice Fund.

## V. The Notice Plan

Direct Notice – Class Members: Notice to the Settlement Class Members shall be provided by direct mail by the Notice and Class Administrator. The Notice and Class Administrator, First Class Inc., will shall give direct notice to each Class Member by sending to the Class Member's last know address in Defendant's records, as updated by the Class Administrator, the Notice of Class Action Settlement (the "Class Notice"), via a letter notice, a copy of which is attached as (Exhibit 1) to the Settlement Agreement. Such notice will be mailed 30 days after preliminary approval of the Settlement Agreement (the "Notice Mailing Date"). Plaintiff asserts that the proposed direct notice is, "the best notice that is practicable under the circumstances". *See* Fed R. Civ. P. 23(c)(2)(B). Notice is adequate if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 174 (1974). Plaintiff

asserts that the proposed class notice satisfies the requirements under *Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008).

Notice – CAFA: Defendant will cause to be sent the required notices under the Class Action Fairness Act, 28 U.S.C. § 1715(b) and its subsections, upon the appropriate State official in which a class member resides and the appropriate Federal official.

The parties and their counsel believe that settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable and adequate, and would be in the best interests of the members of the Settlement Class.

## CONCLUSION

WHEREFORE the reasons stated above, Plaintiff respectfully requests this Honorable Court enter an Order Preliminarily Approving the Class Action Settlement which:

(ii)    Grants preliminary approval of the purposed settlement;

(ii)    Approves and orders the direct notice as set forth in the Settlement Agreement;

(iii)    Sets dates for claims to be made, opt outs, petition for attorney's fees and objections to be submitted; and

(iv)    Schedules a hearing for final approval of the class settlement.

Respectfully submitted,

s/ Curtis C. Warner

Curtis C. Warner

Curtis C. Warner (P59915)
Warner Law Firm, LLC
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on **January 24, 2019**, I filed electronically the foregoing paper above with the Court using the Court's ECF system, which will automatically send notice to all counsel of record that has so appeared:

Randall J. Groendyk (P37196)
VARNUM LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
rjgroendyk@varnumlaw.com

Dena H. Shuayto (P79090)
VARNUM LLP
160 W. Fort St., 5th Floor
Detroit, MI 48226
dhshuayto@varnumlaw.com

Salvatore J. Vitale (P75449)
VARNUM LLP
39500 High Point Blvd., Ste. 350
Novi, MI 48375
sjvitale@varnumlaw.com

       Respectfully submitted,
       /s/ Curtis C. Warner
        Curtis C. Warner

Curtis C. Warner (P59915)
Warner Law Firm, LLC
Attorney for Plaintiff
350 S. Northwest Hwy., Ste. 300
Park Ridge, IL 60068
(847) 701- 5290
cwarner@warner.legal