# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **MELISSA LOVEDAY** individually and on behalf of a class of similarly situated persons, | Case No. 18-10218-GAD-MKM |
| Plaintiff, | Honorable Gershwin A. Drain |
| v. | Magistrate Judge Mona K. Majzoub |
| **FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.**, | |
| Defendant. | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

**WHEREAS,** the Parties have reached a proposed settlement and compromise of the dispute between them and other similarly situated persons in the Action, which is set forth in the Settlement Agreement filed with the Court; and

**WHEREAS,** the Parties have applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement; and

**WHEREAS,** it appears to the Court upon preliminary examination that the proposed Settlement is fair, reasonable and adequate, and that a hearing should be held after notice to the Settlement Class of the proposed Settlement to finally

1

determine whether the proposed Settlement is fair, reasonable and adequate and whether a Final Approval Order and Judgment should be entered in this Action.

THE COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court preliminarily approves the Settlement Agreement as fair, reasonable and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting notice of the Settlement to persons in the Settlement Class for their consideration and a hearing as to the approval of the Settlement.

3. The Settlement Agreement was entered into by experienced counsel and only after extensive arm's-length negotiations.

4. For purposes of the Settlement only, the Court certifies the Settlement Class, consisting of: "All persons with a Michigan address, whom from January 18, 2017, through January 18, 2018, were sent a form letter from Financial Asset Management Systems, Inc., in the form of Exhibit A attached to Plaintiff's Complaint, attempting to collect a debt in which the last date of payment or date of default was more than six years prior to the sending of the letter, that did not disclose

that the consumer could not be sued on the debt, and/or that did not disclose that a payment on the debt would restart the statute of limitations."

    5.    The Court preliminarily finds, for settlement purposes only, that:

    a. The above-described Settlement Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Settlement Class;

    c. The claims of the Settlement Class Representative are typical of the claims of the Settlement Class;

    d. The Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class;

    e. The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only the individual members; and

    f. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

    6.    The Court finds that it has personal jurisdiction over all Class Members, including the absent Class Members.

    7.    The named Plaintiff, Melissa Loveday, shall be the Settlement Class Representative of the Settlement Class. This Court preliminarily finds that he will

fairly and adequately represent and protect the interests of the absent Class Members.

8. The Court approves Curtis C. Warner of Warner Law Firm, LLC, as settlement Class Counsel. This Court preliminarily finds that he is competent, capable of exercising all responsibilities as Class Counsel, and will fairly and adequately represent and protect the interests of the absent Class Members.

9. The Court approves First Class Inc., to serve as the Class Administrator in this Action.

10. A Final Approval Hearing shall be held before this Court at **2:30 p.m. on May 24, 2019**, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate including the settlement amount provided to the claiming class members, Class Counsel's Attorney Fee request, and Plaintiff's Incentive Award request; and (b) whether the Final Approval Order and Judgment should be entered. The Final Approval Hearing may be postponed, adjourned or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Class Members with respect to the rights being settled.

11. The Court approves, as to form and content, the use of a Notice substantially similar to the forms attached as Exhibit of the Settlement Agreement.

12. The cost of Notice and of settlement administration shall be paid by Financial Asset Management Systems, Inc., and invoiced directly to Financial Asset Management Systems, Inc., by the Class Administrator. This amount is to be paid separate from the Settlement Fund.

13. The Notice, as directed in this Order, constitutes the best notice practicable under the unique circumstances of this case and is reasonably calculated to apprise members of the Settlement Class of the pendency of this Action and of their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive such notice and that it meets the requirements of due process and of Federal Rule of Civil Procedure 23. The Court hereby further prohibits any additional generalized notices or communications, whether by written correspondence, advertisements, Internet postings, or other media to Class Members by the Parties about the Settlement or its terms other than as specifically authorized by this Agreement, except that nothing herein shall impact Class Counsel's ability to discharge their attorney-client obligations to members of the Settlement Class.

14. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement must submit to the Class Administrator, pursuant to the instructions and

requirements set forth in the Notice, a timely and valid written request for exclusion postmarked no later than sixty (60) days from the deadline for sending Notice.

15. Each request for exclusion must be personally signed by the individual Class Member; so-called "mass" or "class" opt outs shall not be allowed. No person shall purport to exercise any exclusion rights for any other Person, or purport to exclude any other Class Member as a group, aggregate or class involving more than one Class Member, or as an agent or representative. Any such purported exclusion shall be void and the person that is the subject of the purported opt out shall be treated as a member of the Settlement Class and be bound by the Settlement.

16. Any member of the Settlement Class who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

17. Any Class Member who does not submit a valid and timely request for exclusion may object to the proposed Settlement, to Class Counsel's Attorney's Fees and Costs application, and/or to the application for an Incentive Award to named Plaintiff. Any such Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Class Member's own expense. Any such Class Member must file with the Court including any specific objections they wish to make, no later than sixty (60) days

from the deadline for sending Notice. Any Class Member who fails to do so shall be foreclosed from making such objection or opposition, by appeal, collateral attack, or otherwise. A copy of these objections should also be served on the Class Administrator.

18. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any released claim against Financial Asset Management Systems, Inc., in any action, arbitration, or proceeding in any court, arbitration forum, or tribunal.

19. Further settlement proceedings in this matter shall proceed according to the schedule listed below:

| Event | Scheduled Date |
|---|---|
| CAFA Required Notice sent to the Appropriate Federal and State Authorities | 10 days after the filing of the motion for preliminary approval |
| Notice mailing deadline | 30 days after this Order is entered preliminarily approving the class settlement |

| Incentive Award and Attorney's Fees applications due | 60 days after this Order is entered preliminarily approving the class settlement |
|---|---|
| Last day for Class Members to opt out of Settlement | 90 days after this Order is entered preliminarily approving the class settlement |
| Last day for objections to the Settlement to be filed with the Court | 90 days after this Order is entered preliminarily approving the class settlement |
| Parties to file responses to objections, if any | 100 days after this Order is entered preliminarily approving the class settlement |
| Final Approval Hearing | No earlier than 110 days after this Order is entered preliminarily approving the class settlement |

20. Service of all papers on counsel for the parties shall be made as follows: (a) for Plaintiff: to Curtis Warner, Warner Law Firm, LLC, 350 S. Northwest Hwy., Ste. 300, Park Ridge, IL 60068; and (b) for Defendant: Randall Groendyk, Varnum LLP, 333 Bridge Street NW, Grand Rapids, Michigan 49504.

21. In the event that a Final Approval Order and Judgment is not entered by the Court, or the Effective Date of the Settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purpose whatsoever, including without limitation for an evidentiary purpose (including but not limited to

class certification) in this Action or any other action. In such event, the Settlement Agreement, exhibits, attachments and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

22. The Court may, for good cause, extend all of the deadlines set forth in this Order without further notice to the Settlement Class.

DATED this _____ day of _____, 2019

By: _____
Hon. Gershwin A. Drain
United States District Court Judge