UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MELISSA LOVEDAY** individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.**,<br><br>Defendant. | Case No. 18-10218-GAD-MKM<br><br>Honorable Gershwin A. Drain<br><br>Magistrate Judge Mona K. Majzoub |

## FINAL ORDER APPROVING SETTLEMENT

**WHEREAS,** on January 24, 2019, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class. (ECF No. 28);

**WHEREAS,** pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia:* (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the

release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

**WHEREAS,** a Final Approval Hearing was held on May 24, 2019. Prior to the Final Approval Hearing, Class Members were notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of Attorney's Fees and Costs to Class Counsel, and the payment of the Incentive Award.

**NOW, THEREFORE,** the Court having heard the presentation of Class Counsel and counsel for Financial Asset Management Systems, Inc., having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate and reasonable, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for an Incentive Award to the Settlement Class Representative and having reviewed the materials in support thereof, and with good cause appearing:

THE COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the claims of the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the Parties and the result of extensive arm's-length negotiations. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

4. The Court acknowledges that no objections to the Settlement were received.

5. The final Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

6. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies the following Settlement Class: "All persons with a Michigan address, whom from January 18, 2017, through January 18, 2018, were sent a form letter from Financial Asset Management Systems, Inc., in

the form of Exhibit A attached to Plaintiff's Complaint, attempting to collect a debt in which the last date of payment or date of default was more than six years prior to the sending of the letter, that did not disclose that the consumer could not be sued on the debt, and/or that did not disclose that a payment on the debt would restart the statute of limitations."

7. The Court finds that the plan for Notice set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order was the best notice practicable under the circumstances. It provided due and sufficient notice to the Settlement Class of the pendency of the Action, of certification of the Settlement Class for settlement purposes only, of the existence and terms of the Settlement Agreement, and of the Final Approval Hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

8. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved.

9. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

10. The cash distributions provided for in the Settlement Agreement shall be paid to all Settlement Class members who did not opt-out and whose notice was

not returned as being undeliverable, pursuant to the terms and conditions of the Settlement Agreement. Each of these persons shall be sent a check in the amount of $56.05.

11. Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall, by operation of this Final Approval Order and Judgment, have fully, finally and forever released, relinquished and discharged Financial Asset Management Systems, Inc., from the claims covered by the releases contained in the Settlement Agreement.

12. All members who did not validly and timely opt-out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

13. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions,

demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses that were or could have been asserted in the Action or that are covered by the releases contained in the Settlement Agreement.

14. The Final Approval Order and Judgment, the Settlement Agreement, the Settlement that it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against Financial Asset Management Systems, Inc., of any fault, wrongdoing, or liability on the part of Financial Asset Management Systems, Inc., or of the validity or certifiability for litigation of any claim or the existence or amount of any damages.

15. The Court hereby grants Class Counsel's request for an award of reasonable Attorney's Fees and Costs agreed to by the parties in the amount of $27,500, further finding a lodestar amount for Mr. Warner, being $400 per hour for 34.3 hours of attorney time and $200 per hour for 6.1 hours of travel time, and for Mr. Evancheck, being $322 per hour for 38.9 hours of attorney time, to be reasonable, along with costs of the litigation in the amount of $1,626.73 to be reasonable. This amount is to be paid in accordance with the Settlement Agreement.

16. The Court further grants Class Counsel's application for an Incentive Award for Melissa Loveday in the amount of $2,500. This amount is to be paid by Financial Asset Management Systems, Inc., separately from the Settlement Fund.

17. The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorney's fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement Agreement that is embodied herein including enforcement and administration of the Settlement Agreement, and distribution of any remaining funds as a *cy pres* award.

DATED this 24th day of May, 2019

By: s/Gershwin A. Drain
Hon. Gershwin A. Drain
United States District Court Judge